# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Crim. No.  96-00539-01 |
| **DARRYLL E. COLEMAN** | : | |

## ORDER

**AND NOW**, this          day of                , 2016, upon consideration of the defendant's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and U.S.S.G. Amendment 782, and the government's response thereto, it is hereby

## ORDERED

that the motion is **DENIED** for the reasons sent forth in the government's motion.

BY THE COURT:

_____
**HARVEY BARTLE III, J.
United States District Court**

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Crim. No. 96-00539-01 |
| DARRYL E. COLEMAN | : | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S PRO SE MOTION
FOR A REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2) AND AMENDMENT 782**

Defendant Darryl E. Coleman has filed a pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. In Amendment 782, which became effective on November 1, 2014 and was made retroactive on that date, the Sentencing Commission lowered the penalties for most drug offenses by reducing offense levels on the Section 2D1.1 Drug Quantity Table by two levels. As explained below, Coleman is not eligible for a reduction in sentence because Amendment 782 does not lower his guideline range.

**I.      PROCEDURAL HISTORY**

On October 23, 1996, a grand jury returned an indictment against Coleman charging him with conspiracy to distribute cocaine, CCE, money laundering, and CCE offenses. The grand jury returned a superseding indictment that did not affect the charges against Coleman. Coleman proceeded to trial and a jury convicted Coleman of all charges on May 12, 1997.

The Court found that Coleman was "involved with well in excess of one and half kilograms of crack cocaine." The Court further found that Coleman was involved with "well in excess" of 150 kilograms of powder cocaine. Coleman's base offense level

was 38. The Court increased the base offense level by two levels for possession of firearms under § 2D1.2; by four levels for a leadership role under § 3Bl.1(a); and by two levels for obstruction of justice under S 3C1.1. Coleman's adjusted offense level was 46. Coleman was in criminal history category II, and his guideline e range was life imprisonment. Accordingly, the Court imposed a sentence of life imprisonment.

Coleman challenged the drug quantity on appeal.   The Third Circuit affirmed without opinion.   See <u>United States v. Coleman</u>, 191 F.3d 446 (3d Cir. 1999) (table case)

## II.   ARGUMENT

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. The version of Section 1B1.10 applicable to sentence reductions under Amendment 782 became effective on November 1, 2014. USSG § 1B1.10, app note 8 ("the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."). Section 1B1.10 states:   In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a

result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. §1B1.10(a)(1).

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared:  "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.  "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

In Section 1B1.10, the Commission, consistent with the statutory directive that a

reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not lower the defendant's applicable guideline range. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). The "applicable guideline range" is defined in application note 1(A) as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

Courts agree that where application of the pertinent amendment does not result in a lower sentencing range, no reduction of sentence may occur. *See United States v. Lindsey*, 556 F.3d 238 (4th Cir. 2009) (finding that, although a defendant's offense level (prior to a departure) was 41, and is now 39, he was not entitled to relief because the sentencing range of 360 months to life remained unchanged); *United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Jackson*, 324 F. App'x 153 (3d Cir. 2009) (not precedential) (ineligible because range unchanged based on guideline applicable to different drug also involved in the offense).

Here, Coleman is not eligible for a reduction in sentence because Amendment 782

does not lower his applicable guideline range. The amendment reduces his base offense level to 36, but with the other adjustments applied at sentencing, his total offense level is 44. Application Note 2 to the Sentencing Table in Chapter 5 of the Sentencing Guidelines states that "an offense level of more than 43 is to be treated as an offense of level of 43." With an effective offense level of 43 and the established criminal history category of II, Coleman's guideline range is life imprisonment, the same range applied at his original sentencing. Therefore, Coleman is not eligible for a reduction in sentence under Section 3582(c)(2) and Amendment 782, and his motion should be denied. *See United States v. Gibbs,* 2016 WL 1594636, at 2 (3d Cir. April 21, 2016) (not precedential); U.S.S.G. § 1B1.10(a)(2)(B).

                                                Respectfully submitted,

                                                ZANE DAVID MEMEGER  
                                                United States Attorney

                                                <u>/s Frank A. Labor III</u>  
                                                FRANK A. LABOR III  
                                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to the Defendant's Pro Se Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582 and U.S.S.G. Amendment 782, was served by first class mail, postage prepaid, upon:

>Darryl Coleman
>Reg. No. 50432-066
>Gilmer FCI
>P.O. Box 5000
>Glenville, WV 26351

>/s/ Frank A. Labor III
>FRANK A. LABOR III
>Assistant United States Attorney

Dated: July 27, 2016