IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
     :
       v.      :
     :
DARRYL E. COLEMAN      :      NO. 96-539-1

MEMORANDUM

Bartle, J.                 August 17, 2016

       Before the court is the motion of defendant Darryl E. Coleman ("Coleman") "for a sentence reduction pursuant to 18 U.S.C. Section 3582, USSG Amendment 782, and Amendment 750."

       On May 12, 1997, Coleman was convicted by a jury of numerous crimes including conspiracy to distribute cocaine, bribery of a public official, continuing criminal enterprise, and money laundering offenses. The court found that Coleman was responsible for in excess of 150 kilograms of powder cocaine. Under the then applicable Drug Quality Table in U.S. Sentencing Guideline § 2D1.1, his base offense level was 38. Added to that were two levels for possession of a firearm under § 2D1.1(b)(1), four levels because of a leadership role under § 3B1.1(a), and two levels for obstruction of justice under § 3C1.1, for a total offense level of 46. Coleman fit into criminal history category II. His sentencing guideline range was life imprisonment, and on September 12, 1997, the court imposed that sentence. The Court of Appeals affirmed. See United States v. Coleman, 191 F.3d 446 (3d Cir. 1999).

The court has authority to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) when the U.S. Sentencing Commission subsequently lowers the sentencing range on which a term of imprisonment was based.  Amendment 782 of the Sentencing Guidelines promulgated by the Sentencing Commission became effective on November 1, 2014.  This Amendment is to be applied retroactively.  See U.S. Sentencing Guidelines Manual § 1B1.10. The sentence, however, may only be lowered where the retroactive amendment reduces the defendant's guideline range.  See U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B); Dillon v. United States, 560 U.S. 817, 827 (2010).

Amendment 782 authorizes a reduction of Coleman's base offense level from 38 to 36.  This reduces his total offense level from 46 to 44.  When the offense level is more than 43, it is treated as if it is level 43.  See U.S. Sentencing Guidelines Manual ch. 5, pt. A, cmt. n.2.

The sentence for a defendant with a total offense level of 43 and Criminal History Category II is life imprisonment. This is the same guideline range and sentence that was applicable to Coleman when he was sentenced in 1997.  Thus, Amendment 782 does not reduce Coleman's guideline range.

Accordingly, Coleman is not eligible for a reduction in sentence, and his pending motion will be denied.[1]

---

1.  Coleman also references Amendment 750 which amended § 1B1.10 of the Sentencing Guidelines effective November 1, 2011.  It is of course the amended version of §1B1.10 to which the court refers herein.