IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DARRYL E. COLEMAN | : | NO. 96-539-1 |

MEMORANDUM

Bartle, J.                                          February 15, 2022

The court has before it the motion of defendant Darryl E. Coleman to reduce his sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

I

On May 12, 1997, a jury convicted Coleman of conspiracy to distribute a detectable amount of cocaine, (21 U.S.C. §§ 841 and 846), bribery of a public official (18 U.S.C. § 201(b)(1)), engaging in a continuing criminal enterprise (21 U.S.C. § 848(a)), six counts of using a telephone to facilitate a drug felony (21 U.S.C. § 843(b)), and conspiracy to launder monetary instruments (18 U.S.C. § 1956(h)).  These offenses related to Coleman's role as a leader of a drug trafficking operation in Philadelphia between May 1992 and April 1995.

At his sentencing on September 12, 1997, this court found that Coleman, as a co-leader of the conspiracy, was responsible for well over 1.5 kilograms of crack cocaine and

well over 150 kilograms of powder cocaine.[1]  The court found a
base offense level of 38 based on the quantity of crack cocaine
alone and a base offense level of 38 based on the quantity of
powder cocaine alone.  With upward adjustments for possession of
weapons, obstruction of justice, and his role in the offense,
Coleman's total offense level was 46.  His criminal history was
category II.  His offense level put his guideline range at life.
Accordingly, this court sentenced Coleman to life in prison as
provided by the then mandatory sentencing guidelines.  Our Court
of Appeals affirmed.  United States v. Coleman, 191 F.3d 446 (3d
Cir. 1991).

In 2016, Coleman filed a pro se motion to reduce his
sentence pursuant to 18 U.S.C. § 3582(c)(2).  His motion was
based on Amendment 782 to the Sentencing Guidelines which
lowered the base offense levels for certain drug quantities for
federal drug offenses.  This court found that the amendment
would reduce his base offense level from 38 to 36 but that with
the enhancements applied for possession of firearms, his
leadership role, and obstruction of justice, Coleman's total
offense level of 44 still resulted in a guideline range of life
imprisonment.  This court therefore denied Coleman's motion.

---

1.  At the hearing, counsel for Coleman objected to the
quantity of drugs.

Our Court of Appeals affirmed.  United States v. Coleman, 664 F. App'x 139 (3d Cir. 2016).

Coleman is now fifty-three years old and is incarcerated at FCI Schuylkill in Minersville, Pennsylvania, a medium-security facility.  He has served approximately 324 months of his life sentence.  During his incarceration, he has completed hundreds of hours of educational courses and received work credit.  He has also participated in the highly-selective UNICOR program to learn a new skill and has volunteered as a suicide watch companion.

II

Coleman makes his motion pursuant to § 404(b) of the First Step Act of 2018.  The essence of his argument is that the court sentenced him based on his possession of crack cocaine and that the penalties for such possession have now been reduced retroactively so as to narrow the disparities in sentencing for cocaine and "crack" offenses.

Section 404(b) of the First Step Act permits a court to impose "a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Section 404(a) explains that a "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by

3

section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010."

The Fair Sentencing Act amended the penalties for a violation of 21 U.S.C. § 841(a) which makes it unlawful:

> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

Prior to the Fair Sentencing Act, a violation of § 841(a)(1) carried a mandatory minimum sentence of at least 10 years if the offense involved 5 kilograms of cocaine or 50 grams of crack cocaine. An offense involving 500 grams of cocaine or 5 grams of crack cocaine carried a mandatory minimum sentence of 5 years. Section 2 of the Fair Sentencing Act increased the threshold for a mandatory minimum sentence of 10 years in § 841(a)(1)(A)(ii) from 50 grams to 280 grams of crack cocaine. It also enhanced the threshold for a mandatory minimum sentence of 5 years for crack cocaine in § 841(a)(1)(A)(iii) from 5 grams to 28 grams.

The First Step Act made these changes retroactive. Motions made pursuant to § 404 of the First Step Act seek to modify an existing sentence and therefore fall under 18 U.S.C. § 3582(c). See United States v. Easter, 975 F.3d 318, 323 (3d Cir. 2020). This statute provides in relevant part:

> The court may not modify a term of imprisonment once
> it has been imposed except that—
> (1)  in any case—
> . . .
> (B) the court may modify an imposed term
> of imprisonment to the extent otherwise
> expressly permitted by statute or by
> Rule 35 of the Federal Rules of Criminal
> Procedure.

18 U.S.C. § 3582(c).

Section 3582(c)(1)(B) applies in this instance because the authority to reduce a defendant's sentence pursuant to § 404 of the First Step Act stems "from a sentencing range that has been lowered by statute."  Easter, 975 F.3d at 323.

### III

Coleman asserts, as noted above, that he is entitled to a reduction in sentence under the First Step Act because he was sentenced in 1997 based on distribution of crack cocaine. Coleman acknowledges that the superseding indictment charged him with, and he was convicted of, conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846.  However, he avers that the Government used the term "cocaine" as an umbrella term to include other forms of cocaine, including cocaine base or "crack."  In support of this argument, Coleman points to the fact that the indictment includes details that Coleman distributed cocaine that was processed into cocaine base, known as crack.

In addition, instructions to the jury include an explanation that "[t]he offenses charged in the superseding indictment which you will consider involve a Schedule II narcotic controlled substance known as cocaine base or crack." At that time, the jury did not have to determine the drug quantity to convict him for a drug offense.

Coleman also notes that at sentencing this court found that he "as a co-leader of the conspiracy [was] involved with well in excess of 1.5 kilograms of crack cocaine" and that he was "involved with well in excess of 150 kilograms of powder cocaine."

According to these references to crack cocaine, in addition to powder cocaine, Coleman argues he was charged with a dual-object conspiracy involving both powder cocaine and crack cocaine.  Thus, he asserts that § 404(b) of the First Step Act applies to his case and requires a resentencing pursuant to the changed sentences for crack cocaine under the Fair Sentencing Act.

The Government counters that Coleman was charged and convicted of "conspiring to distribute cocaine," not a dual conspiracy involving crack cocaine or cocaine base.  It points out that the jury was not required to find, and did not find, that Coleman was guilty of distribution of crack cocaine.

The Government acknowledges that Coleman was involved in processing cocaine into crack and that the court found him responsible for 1.5 kilograms of crack cocaine at his sentencing.  Nonetheless, Coleman was separately subject to a base offense level of 38 and a sentencing guideline of life imprisonment at the time of his sentencing for the 150 kilograms of powder cocaine for which he was found responsible.

The Government is correct that Coleman was charged in the superseding indictment and found by the jury to be guilty of a "conspiracy to distribute cocaine."  He was not charged and convicted of an offense involving crack cocaine.  Both the presentence investigation report and the Government's sentencing memorandum also discuss the details of Coleman's trafficking in 150 kilograms of powder cocaine.

At his sentencing in 1997, the Government discussed the drug quantities attributable to Coleman and the appliable base offense levels.  The Government argued that level 38 applied to Coleman because he was involved with 1.5 kilograms of crack cocaine.  The Government, however, went on to state that "there is a movement in Congress and various other places to reexamine the crack guidelines" and stated that setting aside the crack amount, level 38 also applies to 150 kilograms or more of powder cocaine for which Coleman was also responsible.  As a result, this court found that while Coleman was involved with

1.5 kilograms of crack cocaine, he was also responsible for "well in excess of 150 kilograms of powder cocaine." This amount of powder cocaine alone resulted in a base offense level of 38.

In sum, the 150 kilograms of powder cocaine, by itself, resulted in a base offense level at the time of 38. Therefore, Coleman's sentence would not have changed whether or not the court also considered the quantity of crack cocaine. This was not a case where the amounts of crack cocaine and powder cocaine were combined to reach the base offense level in issue.

Coleman was charged with and convicted of conspiring to distribute powder cocaine and sentenced accordingly based on his involvement with over 150 kilograms of that illegal drug. Had § 2 of the Fair Sentencing Act been in place at the time of his sentence, Coleman's sentence would have been the same. This is not a "covered offense" under § 404 of the First Step Act.

IV

In deciding a motion pursuant to § 3582(c)(1)(B) and § 404 of the First Step Act, a court must consider the factors set forth in 18 U.S.C. § 3553(a). See Easter, 975 F.3d at 323-24. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and "the kinds of sentences available."  18 U.S.C. § 3553(a).

Since Coleman's case does not qualify for a reduction in sentence under § 404 of the First Step Act and § 3582(c)(1)(B), the court need not reach the § 3553(a) factors.

V

Coleman's efforts at rehabilitation while incarcerated are commendable.  He is to be praised for his extensive educational and work history as well as his volunteer efforts to help others.

Nonetheless, the Fair Sentencing Act and the subsequent retroactive changes to sentencing for crack-related offenses under the First Step Act do not help him.  Accordingly, the motion of Darryl Coleman to reduce his sentence pursuant to § 404 of the First Step Act will be denied.