```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| DARRYL COLEMAN | : | NO. 96-539-01 |

<u>MEMORANDUM</u>

Bartle, J.                                              November 24, 2025

Before the Court is the pro se motion of defendant Darryl Coleman for early termination of his supervised release or in the alternative, reduction of supervision. The Government opposes the motion.

Defendant along with 21 other defendants were charged in a superseding indictment in 1997 with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. In addition, defendant was charged with: (1) bribing a public official (18 U.S.C. § 201(b)(1)); (2) engaging in a continuing criminal enterprise (21 U.S.C. § 848(a)); (3) seven counts of using a telephone to facilitate a drug felony (21 U.S.C. § 843(b)); and (4) conspiracy to launder monetary instruments (18 U.S.C. § 1956(h)). Defendant was the leader of a giant drug organization involved in excess of 150 kilograms of cocaine.

He went to trial and was convicted by a jury on all counts. The court sentenced him to life imprisonment pursuant to what were then the mandatory sentencing guidelines. The

Court of Appeals affirmed.  See United States v. Coleman, 191 F.3d 446 (3d Cir. 1999).

Pursuant to later statutory changes, Coleman moved for a reduced sentence.  On August 29, 2023, the Court granted the motion and reduced his sentence to time served, that is a sentence of approximately 27 years.  The court imposed 5 years of supervised release.  It is scheduled to terminate in the summer of 2028.

In support of his motion, defendant maintains that he has complied with all the terms and conditions of his supervised release.  He further stresses that he is employed as a cook, has a strong work ethic, and is committed to public service.  He has volunteered to feed the homeless and assisted firefighters during the recent fires in Altadena, California.  He also states he has provided catering services at various businesses in that state.

18 U.S.C. § 3583(e)(1) provides:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such

>   action is warranted by the conduct of the
>   defendant released and the interest of
>   justice.

The factors outlined in § 3553(a) which the court must consider are:

>   (1) the nature and circumstances of the
>   offense and the defendant's history and
>   characteristics; (2) the need to afford
>   adequate deterrence to criminal conduct,
>   protect the public from further crimes of
>   the defendant, and provide him with needed
>   educational or vocational training, medical
>   care, or other correctional treatment in the
>   most effective manner; (3) the kinds of
>   sentence and sentencing range established
>   for the defendant's crimes; (4) pertinent
>   policy statements issued by the United
>   States Sentencing Commission; (5) the need
>   to avoid unwarranted sentence disparities
>   among defendants with similar records who
>   have been found guilty of similar conduct;
>   and (6) the need to provide restitution to
>   any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1. In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)). Supervised

release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). Accordingly, when considering a modification or termination of supervised release, the court, pursuant to § 3583(e) does not consider the sentencing factors outlined in § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Esteras v. United States, 606 U.S. _____, 145 S. Ct. 2031 (2025);

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release. Melvin, 978 F.3d at 53. Nonetheless, mere compliance with the requirements of supervised release and becoming an employed, law-abiding citizen is not in and of itself a sufficient basis to alter the terms of supervised release.  While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each. Id. at 52-53.

It is commendable that defendant has turned his life around.  He is now employed and has done good works to help others.  It cannot be forgotten, however, that he led a vast drug organization that caused significant harm and upended the

safety and welfare of the people of Philadelphia.  The court needs more time to assure itself that defendant will continue on his present path as a useful and productive citizen.  The five years of supervised release set by the court were and still are appropriate.

After considering all the factors required under § 3583(e)(1), defendant has not established that his conduct after release from prison, albeit laudable, and the interest of justice warrant that the court grant early termination of his supervised release or in the alternative a reduction in supervision.  Accordingly, defendant's pending motion will be denied.